## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MITTAL STEEL USA ISG INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAMUEL BODMAN, Secretary )<br>of Energy, United States; )<br>GEORGE BREZNAY, Director, )<br>Office of Hearings and Appeals, )<br>U.S. Department of Energy, )<br>)<br>Defendants. )<br>) | Case No. 1:05CV01466 (ESH) |

<u>ANSWER</u>

The Federal Defendants, Samuel Bodman, Secretary of Energy, and George B. Breznay, Director, Office of Hearings and Appeals, United States Department of Energy ("DOE"), for their Answer to the Complaint, state as follows:

1.  The allegations contained in paragraph 1 of the Complaint constitute a description of this action as to which no answer is required.  To the extent an answer is required, they are denied.

2.  The Federal Defendants admit that the Court has jurisdiction of this action under Section 211 of the Economic Stabilization Act Amendments of 1971, 12 U.S.C. § 1904 (1976 ed.).  All remaining allegations in paragraph 2 are denied.

3.  The allegation contained in paragraph 3 of the Complaint constitutes a conclusion of law as to which no answer is required.

4.  The Federal Defendants admit the first sentence of paragraph 4 of the Complaint, but are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 4 of the Complaint.  The Federal Defendants admit the first clause of the third sentence of paragraph 4 of the Complaint relating to the name of the party used in the administrative proceedings from which Plaintiff now seeks relief.  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second clause of the third sentence of paragraph 4 of the Complaint concerning the acquisition of, and name given to, International Steel Group by Mittal Steel Company NV.

5.  The Federal Defendants admit paragraph 5 of the Complaint.

6.  The Federal Defendants admit paragraph 6 of the Complaint.

7.  In answer to the first sentence of paragraph 7 of the Complaint, the Federal Defendants admit that the Executive Branch of the federal government administered, in the 1970s and 1980s, a mandatory allocation and pricing program that covered crude oil and products derived therefrom, pursuant to various federal statutes, and that the Executive Branch sought and recovered overcharges made by various firms that were covered by that program, but the Federal Defendants deny all remaining allegations in the first sentence.  The second sentence of paragraph 7 constitutes a legal conclusion as to how a federal statute should be interpreted and, as such, no answer is required; to the extent that an answer is required, it is denied.

8.  The first sentence of paragraph 8 of the Complaint contains conclusions as to how actions by DOE, by various courts and by Congress should be interpreted and, as such, no answer is required because all such actions are the best evidence of what was meant or intended

thereby; to the extent that an answer is required, the Federal Defendants deny all such allegations.  In answer to the second sentence of paragraph 8, the Federal Defendants admit that DOE retained certain funds constituting overcharges that had been recovered from various firms in violation of the program described above in paragraph 7 of this Answer, pending a determination as to how such funds were to be handled.

9.  The Federal Defendants deny paragraph 9 of the Complaint because the allegations contained therein attempt to summarize through an oversimplification various actions by DOE and others that occurred over many decades in a complicated, broad federal regulatory program and, therefore, such allegations are too vague and ambiguous to answer.  In further answer to paragraph 9 of the Complaint, the Federal Defendants affirmatively aver that various entities and persons made proposals as to how the overcharge funds described above in paragraph 8 of this Answer should be handled or distributed..

10.  The Federal Defendants deny Plaintiff's characterization of the document identified in paragraph 10 of the Complaint, and Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.

11.  The Federal Defendants deny Plaintiff's characterization of the decision in the case identified in paragraph 11 of the Complaint, and the Federal Defendants affirmatively aver that such decision is the best evidence of what is contained therein.

12. The  Federal Defendants deny Plaintiff's characterizations of the documents identified in paragraph 12 of the Complaint, and the Federal Defendants affirmatively aver that such document are the best evidence of what is contained therein.

13.   Paragraph 13 of the Complaint contains allegations constituting legal conclusions as to which no answer is required.  To the extent that an answer is required, they are denied.

14.  The  Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.  The Federal Defendants affirmatively aver that National Steel Corporation, which had operated the Weirton facility during the 1973-1981 regulatory period, entered into an Assignment and Assumption Agreement, dated April 29, 1983, transferring the assets of the Weirton facility to Weirton Steel Corporation.  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Weirton Steel Corporation was owned by employees.

15.  The Federal Defendants deny Plaintiff's characterizations of the document identified in paragraph 15 of the Complaint, and the Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.

16.   The Federal Defendants deny the characterizations, interpretations or conclusions contained in paragraph 16 of the Complaint, all of which relate to the document identified in paragraph 15 of the Complaint, and the Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.

17.   The Federal Defendants deny the characterizations, interpretations or conclusions contained in paragraph 17 of the Complaint, all of which relate to the document identified in paragraph 15 of the Complaint, and Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.

18.   The allegations contained in paragraph 18 of the Complaint are characterizations of applications filed with DOE's Office of Hearings and Appeals ("OHA") and the Federal

Defendants affirmatively aver that such applications are the best evidence of what is contained therein

19.  The Federal Defendants deny the Plaintiff's characterizations, interpretations or conclusions contained in paragraph 19 of the Complaint of a decision and order issue by OHA, and the Federal Defendants affirmatively aver that such decision and order are the best evidence of what is contained therein.  http://www.oha.doe.gov/cases/refunds/2005/June/rr27200321.pdf.

20.  The Federal Defendants deny the characterizations, interpretations, conclusions or speculation contained in paragraph 20 of the Complaint, and the Federal Defendants reallege, and incorporate herein by reference, the responses set forth above in paragraphs 15-17 of this Answer.

21.  The allegations contained in paragraph 21 of the Complaint constitute a conclusion of law to which no answer is required; to the extent an answer is required, they are denied.

22.  The Federal Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.  The Federal Defendants deny the alleged characterizations, interpretations or conclusions relating to the document identified in paragraph 23 of the Complaint, and the Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.

24.  In answer to the first sentence of paragraph 24 of the Complaint, the Federal Defendants admit that ISG filed a document with OHA seeking reconsideration of an earlier OHA decision, but the Federal Defendants affirmatively aver that such document is the best evidence of what is contained therein.  The Federal Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in

the first sentence of paragraph 24 of the Complaint.  The Federal Defendants deny the

characterizations, interpretations or conclusions contained in the second and third sentences of

paragraph 24 of the Complaint of the document identified therein, and the Federal Defendants

affirmatively aver that such document is the best evidence of what is contained therein.

25. The Federal Defendants admit that OHA issued a decision dated June 1, 2005, see

 http://www.oha.doe.gov/cases/refunds/2005/June/rr27200321.pdf , as alleged in paragraph 25 of

the Complaint.  The Federal Defendants deny all remaining allegations contained in paragraph

25 of the Complaint because they constitute Plaintiff's characterizations, interpretations or

conclusions as to the holdings of that OHA decision, and the Federal Defendants affirmatively

aver that such decision is the best evidence of what is contained therein.

26. The Federal Defendants deny the allegations contained in paragraph 26 of the

Complaint because they constitute additional characterizations, interpretations or conclusions by

the Plaintiff of the OHA decision identified in paragraph 25 of the Complaint, and the Federal

Defendants affirmatively aver that such decision is the best evidence of what is contained

therein.

27.  In answer to paragraph 27 of the Complaint, the Federal Defendants reallege, and

incorporate herein by reference, the responses contained in paragraphs 1 through 26 of this

Answer.

28.  The Federal Defendants admit that the National Steel Corporation entered into an

Assignment and Assumption Agreement, dated April 29, 1983, that transferred the assets of the

Weirton facility to Weirton Steel Corporation, as implied by the allegations contained in the

second sentence of paragraph 28 of the Complaint. All remaining allegations contained in

paragraph 28 constitute legal conclusions as to which answers are not required; to the extent that

answers are required, they are denied.

29. The Federal Defendants deny Plaintiff's characterizations, interpretations,

conclusions or speculation contained in paragraph 29 of the Complaint relating to the OHA

decision and referenced therein, and the Federal Defendants affirmatively allege that such

decision is the best evidence of what is contained therein. All remaining allegations contained in

paragraph 29 of the Complaint constitute legal conclusions as to which answers are not required;

to the extent that answers are required, they are denied.

30. The Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 30 of the Complaint relating to the

awareness of National Steel Corporation and Weirton Steel Corporation of their alleged

eligibility for crude oil refunds. The Federal Defendants admit the allegation contained in the

second sentence of paragraph 30 of the Complaint that neither National Steel Corporation nor

Weirton Steel Corporation sought reconsideration of, or appealed, OHA's March 1, 1991

decision, *National Steel Corp. - Weirton*, 21 DOE ¶85,134 (1991), denying National Steel

Corporation's crude oil refund application. All remaining allegations contained in paragraph 30

of the Complaint constitute legal conclusions as to which answers are not required; to the extent

answers are required, they are denied.

31. The Federal Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegation contained in paragraph 31 of the Complaint relating to the

advice, if any, given by counsel to International Steel Group. The Federal Defendants admit that

the International Steel Group submitted a Motion for Reconsideration, dated December 29, 2004, that was received by OHA on December 30, 2004.  The Federal Defendants admit that the International Steel Group purchased the assets of the Weirton facility from Weirton Steel Corporation in an Asset Purchase Agreement dated February 25, 2004.  All remaining allegations contained in paragraph 31 of the Complaint constitute legal conclusions to which answers are not required; to the extent answers are required, they are denied.

32.   The Federal Defendants admit as is implied in paragraph 32 of the Complaint that International Steel Group submitted a Motion for Reconsideration (styled "Provisional Verification and Power of Attorney"), dated December 29, 2004, that was received by OHA on December 30, 2004.  The Federal Defendants admit that OHA received such motion before the December 30, 2004 deadline for submitting verification information for claimants to participate in the final crude oil refund distribution.  All remaining allegations contained in paragraph 32 of the Complaint constitute legal conclusions to which answers are not required; to the extent answers are required, they are denied.

33.   The Federal Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.   The Federal Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.   The Federal Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.   The Federal Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.  The Federal Defendants deny the allegations contained in paragraph 37 of the Complaint.

38.  Federal Defendants deny each and every allegation in the Complaint that has not been hereinbefore specifically admitted.

<u>FEDERAL DEFENDANTS' AFFIRMATIVE DEFENSE</u>

39.  The Defendants affirmatively aver that the Plaintiff has failed to state a claim upon which relief may be granted.

WHEREFORE, based on the foregoing, Federal Defendants respectfully request:

(1) that this Court enter an order dismissing the Complaint and denying Plaintiff legal, equitable or monetary relief;

(2) that the Plaintiff be assessed costs and fees as provided under the provisions of 28 U.S.C. § 2412; and

(3) that the Court grant Federal Defendants such other and further relief as it deems just and proper.

Respectfully submitted,

_____
PAUL T. MICHAEL
THOMAS H. KEMP
STEPHEN C. SKUBEL
United States Department of Energy
Office of the General Counsel
Room 6H-087 (GC-32)
1000 Independence Avenue, S.W.
Washington, D.C.  20585
Telephone: (202) 586-1303

DATE: October 21, 2005

9