IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

MITTAL STEEL USA ISG, INC.
4020 Kinross Lakes Parkway
Richfield, OH 44286

    Plaintiff

       V.                            CIVIL ACTION NO.

SAMUEL BODMAN                     05-1466(ESH)
Secretary of Energy, United States
1000 Independence Ave. S.W.
Washington DC 20585

GEORGE B. BREZNAY
Director, Office of Hearings and Appeals
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington DC 20585

    Defendants
---

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Mittal Steel USA, ISG, Inc. ("ISG") respectfully moves for discovery in the form of production by the defendants (cumulatively referred to as "DOE") of the documents and information set forth in Exhibit A hereto. In support of such motion, ISG avers as follows:

1. In the instant action, ISG appeals the denial by DOE of its motion for reconsideration of DOE's denial of an application for crude oil refunds on the basis of purchases of refined oil

1

products during the crude oil price regulatory period, August 1973 through January 1981 at the steel manufacturing facility at Weirton, West Virginia, owned during such regulatory period by National Steel Corporation and currently owned by ISG which acquired such from the Weirton Steel Corporation February 25, 2004, Weirton Steel Corporation having acquired such from National Steel Corporation as of April 29, 1983. More specifically, ISG asserts (i) that pursuant to the terms of the agreement between National Steel Corporation and Weirton Steel Corporation, Weirton Steel Corporation obtained the right to crude oil refunds for the purchases at the Weirton facility, and (ii) that pursuant to the agreement between Weirton Steel Corporation and ISG, ISG obtained such right.

    2. An application for crude oil refunds for the Weirton purchases was initially made by National Steel Corporation, and rejected by DOE by a DOE Decision and Order issued March 1, 1991 on the basis of a waiver executed by an affiliate of National Steel Corporation more than three years after National Steel Corporation had sold the Weirton facility to Weirton Steel Corporation.

    3. Although National Steel Corporation purportedly applied for a refund on the basis of purchases at the Weirton facility as a principal entitled to such, because as of the date of such application, June 2, 1989, National Steel Corporation no longer

owned the right to such refunds, having conveyed it to Weirton Steel Corporation, National Steel Corporation was actually acting as an agent for Weirton Steel Corporation in applying for such refunds.

    4. ISG's application for crude oil refunds for the purchases at Weirton was accordingly in the form of a motion for reconsideration of the denial of refunds to its predecessor, once removed, National Steel Corporation. ISG asserted in its motion for reconsideration filed December 30, 2004 that because National Steel Corporation in filing for crude oil refunds on the Weirton purchases was acting as an agent for Weirton Steel Corporation which had the right to the crude oil refunds, DOE improperly rejected the application on the basis of a waiver by an affiliate of National Steel Corporation which would have disqualified National Steel Corporation only if it had been acting as a principal, and would not disqualify National Steel Corporation acting as an agent, as it in fact was.

    5. DOE denied ISG's motion for reconsideration by Decision and Order issued June 1, 2005 on two bases:

    (i) "it has been filed too late"

        Evidently, DOE's basis for so concluding was threefold: (i) that no motions for reconsideration were appropriate if filed subsequently to June 30, 1995, a date which had been set as the deadline for filing new crude oil refund applications, (ii) that

3

only "previously successful claimants" as of the announcement of a proposed final distribution of crude oil refunds, May 21, 2004, "are eligible to participate in the final refund distribution," and (iii) although not explicitly stated, that the length of time between the denial of the National Steel Corporation's application for crude oil refunds and ISG's motion for reconsideration was excessive.

    (ii) under the terms of the National Steel Corporation-Weirton Steel Corporation Agreement, National Steel Corporation was the owner of the right to the crude oil refunds, therefore acting as a principal in applying for crude oil refunds, and its application was properly rejected because of the waiver executed by an affiliate.

    6. It is the position of ISG with regard to such two bases for rejection of its motion for reconsideration respectively that:

    (i) DOE's own handling of previously filed motions for reconsideration and awards is inconsistent with the position it now takes as to the timeliness of the ISG motion, and accordingly to the extent to which DOE relies on lack of timeliness, it has abused its discretion;

    (ii) Under the terms of the National Steel Corporation-Weirton Steel Corporation Agreement, the recovery of crude oil refunds is a recovery from "proceedings" and such recoveries

belong to the buyer, Weirton Steel Corporation because two of the "facts" on which the recovery is based occurred in whole or in part after the "Purchase date (April 29,1983)", i.e. the "fact" of the existence of a right to crude oil refund recoveries by claimants did not occur until August, 1986, and the "fact" that there were crude oil refunds available for claim did not occur in substantial part until subsequently to April 29, 1983.

    7. The discovery requested by this motion relates to, and is necessary to support, ISG's arguments referred to in paragraph 6, as follows:

    (i) requested items 1 and 2 in the attached Exhibit A are necessary to determine whether DOE's explanation for its conclusion that the motion for reconsideration was "filed too late" is indeed inconsistent with its prior actions dealing with motions for reconsideration and awards, and therefore constitutes an abuse of discretion;

    (ii) requested item 3 in the attached exhibit is necessary to establish the extent to which one of the three facts necessary for recovery of crude oil refund claims by claimants existed as of the "Purchase date", i.e. the extent of DOE's recovery of crude oil refunds as of that date.

    8. The requested documents and requested information are limited in nature and ISG believes they are readily available to DOE, but not to ISG.

9. The requested documents bearing on the history of DOE's handling of motions for reconsideration (Items 1 and 2 in Exhibit A) are needed for the Court's determination as to whether DOE has abused its discretion in rejecting the ISG motion for untimeliness.

10. Although the interpretation of the National Steel Corporation-Weirton Steel Corporation Agreement is a matter for this Court's de novo consideration, with no deference due to DOE, <u>Consolidated Edison Co. v. Richardson</u>, 232 F. 3d 1380,1383 (Fed. Cir. 2000), if the Court agrees with ISG that even if National Steel Corporation retained the right as principal to some Weirton crude oil refunds, it retained the right only insofar as funds had been recovered by DOE as of the Purchase date, then the information requested in item 3 in Exhibit A will be required. (If the Court agrees with ISG that because there was no right in a manufacturer who had purchased refined oil products to claim crude oil refunds until long after the Weirton facility had been conveyed to Weirton Steel Corporation, and therefore any such refund right did not belong to National Steel Corporation but instead to Weirton Steel Corporation, then it will not be necessary to determine what portion of the refunds were recovered by DOE prior to the "Purchase date;" however, because this matter is not being bifurcated, such information should be available to the Court if needed.)

11. ISG has requested DOE to supply the documents and information which are the subject of this motion, and is awaiting its response. However in the meantime, because the Court has required the filing of a motion for any desired discovery by November 10, 2005, it has been necessary to file this motion without awaiting DOE's response.

                                    Respectfully submitted,


                                    _____

                                    Philip P. Kalodner
                                    208 Righters Mill Road
                                    Gladwyne PA 19035
                                    DC Bar 973578

                                    Attorney for Plaintiff

November 9, 2005

EXHIBIT A

DISCOVERY REQUESTED IN MITTAL STEEL V. BODMAN, 05-1466(ESH)

    1. Copies of all decisions on motions for reconsideration in the Subpart V crude oil refund proceedings. If the Decision does not itself provide the date of the decision as to which reconsideration was sought and the date of the filing of the motion for reconsideration, please supply such information.

    2. Copies of all decisions issued subsequently to May 1, 2004, granting, denying or reconsidering crude oil refunds.

    3. As of April 29, 1983, the amount of crude oil refunds in U.S. Treasury escrow and the additional amount, if any due to be paid into escrow as to completed settlements of alleged crude oil overcharges.