```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

---

MITTAL STEEL USA ISG, INC.
4020 Kinross Lakes Parkway
Richfield, OH 44286


    Plaintiff

       V.                                    CIVIL ACTION NO.

SAMUEL BODMAN                                 05-1466(ESH)
Secretary of Energy, United States
1000 Independence Ave. S.W.
Washington DC 20585

GEORGE B. BREZNAY
Director, Office of Hearings and Appeals
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington DC 20585

    Defendants

---

<u>REPORT OF MEETING PURSUANT TO LOCAL RULE 16.3
AND STATEMENT OF THE CASE AND STATUTORY BASIS</u>

I   <u>REPORT OF MEETING PURSUANT TO RULE 16.3</u>

    Counsel for plaintiff Mittal Steel USA ISG, Inc. (referred to as "ISG") and the defendants (referred to as "DOE") met by telephone conference on November 3, 2005, as required by Local Rule 16.3.

    The parties discussed the matters set forth in Rule 16.3)(1)

through (13), with the following results:

(1) ISG and DOE both believe that the case may be disposed of pursuant to dispositive motions, i.e. a contemplated Motion for Summary Judgment by ISG and a contemplated Motion to Dismiss or in the Alternative for Summary Judgment to be filed by DOE. ISG believes that limited discovery as set forth in its Motion to Compel Discovery is required in order for it to prepare its motion for summary judgment; DOE reserves the right to oppose such discovery.

(2) No other parties are to be joined and no amendment to the pleadings is contemplated. No further narrowing of the factual and legal issues can be agreed to.

(3) ISG and DOE agree that this is not an appropriate matter to be assigned to a magistrate judge.

(4) DOE and ISG believe that there is no realistic possibility of settling the case by negotiations between them.

(5) DOE and ISG believe that the case would not benefit either from the Court's ADR procedures or any other form of alternative dispute resolution. In so determining their positions, counsel have considered the matters set forth in paragraphs (i) through (v) of paragraph (5).

(6) The parties propose the following schedule for the filing of the Administrative Record and dispositive motions and the briefs of the parties thereon:

| | |
|---|---|
| DOE's Filing of Administrative Record | November 15, 2005 |
| DOE's Motion to Dismiss or in the Alternative for Summary Judgment and Brief in Support Thereof | January 20, 2006 |
| ISG's Motion for Summary Judgment and Brief in Support Thereof, and in Opposition to DOE's Motion to Dismiss or in the Alternative for Summary Judgment | February 17, 20056 |
| DOE's Brief in Opposition to ISG's Motion for Summary Judgment and in Reply to ISG's Opposition to DOE's Motion to Dismiss or in the alternative for Summary Judgment | March 17, 2006 |
| ISG's Brief in Reply to DOE's Opposition to ISG's Motion for Summary Judgment | April 14, 2006 |

ISG and DOE propose that oral argument be scheduled at the Court's convenience as expeditiously as possible after the completion of the briefing schedule set forth above and that a decision be rendered by the Court as soon thereafter as is convenient for the Court.

(7) The parties agree that any decision as to whether to dispense with the initial disclosures required by Rule 26 (a) (1) or of any modification thereof, and any schedule for such disclosures should be deferred until disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the ISG Motion for Summary Judgment.

(8) The parties agree to defer until a decision on the DOE Motion to Dismiss or in the alternative for Summary Judgment and the ISG Motion for Summary Judgment any additional discovery and any discussion of the length of the discovery process, possible limitations on discovery, whether a protective order is appropriate, and a date for the completion of discovery. DOE reserves the right to oppose any discovery.

(9) The parties agree that any decision as to the use of expert witnesses is properly deferred until disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the ISG Motion for Summary Judgment.

(10) Although the Complaint caption as filed recites that is a "Class Action," it is not a class action. Plaintiff ISG seeks relief only for itself.

(11) No other bifurcation or phasing is contemplated or required, except that which will result from the deferral of additional discovery until after disposition of the DOE Motion to Dismiss or in the alternative for Summary Judgment and the ISG Motion for Summary Judgment.

(12) The parties agree that any recommendation to the Court as to the scheduling of a pretrial conference be deferred until after disposition of the DOE Motion to Dismiss or for Summary Judgment and the ISG Motion for Summary Judgment.

(13) The parties leave to the Court's determination whether

oral argument should now be scheduled for a specific date on the DOE Motion to Dismiss or for Summary Judgment and the ISG Motion for Summary Judgment, or should await the filing of the required memoranda. The parties agree that any recommendation of a trial date should await disposition of the DOE Motion to Dismiss or for Summary Judgment and the ISG Motion for Summary Judgment.

II    STATEMENT OF THE CASE AND STATUTORY BASIS

ISG brings this action to obtain reversal of DOE's denial of its Motion for Reconsideration of DOE's denial of an application for crude oil refunds on the basis of purchases of refined petroleum products during the period of crude oil pricing regulation at the steel manufacturing plant at Weirton, West Virginia, owned at the time of price regulation by the National Steel Corporation, and now owned by ISG.

PLAINTIFF'S STATEMENT

ISG asserts that when National Steel Corporation applied for crude oil refunds, it was doing so as agent for a principal, then Weirton Steel Corporation, its successor as the owner and operator of the Weirton facility. Now, by succession, it is ISG which is the principal for whom National Steel Corporation was acting in applying for crude oil refunds.

National Steel Corporation's application for crude oil refunds for its Weirton operations was rejected because of an

action by an affiliate of National Steel Corporation, i.e. the execution of a waiver.

However, if it is recognized that National Steel Corporation was filing for crude oil refunds as an agent for its successor owner and operator of the Weirton facility and not for itself as principal, it was not properly disqualified, and as an agent, initially for Weirton Steel Corporation and now for ISG, it was entitled to pursue and recover crude oil refunds.

Within a year of its acquisition of the Weirton facility, ISG, in its capacity as the successor principal for whom National Steel Corporation was acting, moved for reconsideration of the rejection of the National Steel Corporation application.

ISG asserts that DOE erred in denying its morion for reconsideration. To the extent DOE denied ISG's motion for reconsideration on the ground that it was "filed too late", it was without proper legal basis for doing so, and abused its discretion.

To the extent to which the DOE denial of the ISG motion for reconsideration was based upon an interpretation of the National Steel Corporation-Weirton Steel Corporation Assignment and Assumption Agreement as retaining for National Steel Corporation any right to crude oil refunds, DOE was in error. This Court, upon a de novo review of the Agreement language should declare that it was Weirton Steel Corporation and now its successor, ISG,

who are the principals entitled to crude oil refunds, and for whom National Steel Corporation was acting as agent in making application for refunds.

The statutory basis asserted by ISG for its cause of action is Sections 209-211 of the Economic Stabilization Act Amendments of 1971 ("ESA"), Pub. L. 92-210, 85 Stat. 743 (1971) as incorporated in Emergency Petroleum and Allocation Act ("EPAA"),Pub. L. 93-259,87 Stat. 627(1973).

DEFENDANTS' STATEMENT

Defendants Samuel Bodman, Secretary of Energy, and George Breznay, Director of the Office of Hearings and Appeals ("OHA"), United States Department of Energy, assert that this case involves Plaintiff's attempt to recover crude oil overcharges from an escrow account administered by the OHA. In general, the monies in such escrow account constitute crude oil overcharges that have been recovered from various firms that had violated the Emergency Petroleum Allocation Act (EPAA")and regulations issued thereunder. As it relates to this case, the EPAA established a regulatory program that was in effect from August 19, 1973 through January 27, 1981.

National Steel Corporation ("National") was a subsidiary of National Intergroup, Inc. ("NII"). NII acquired the Permian Corporation ("Permian") in 1985. On October 23, 1987, Permian was granted a refund of overcharges that had been collected in a

7

separate case. As a condition of obtaining such refund, Permian had signed, on September 12, 1986, a waiver of its right to receive a refund in any subsequent EPAA crude oil refund proceeding. That waiver also extended to an affiliate of Permian such as National.

In the 1980s, National filed four applications for crude oil refunds from the escrow account administered by OHA. Each application related to a specific facility that National had operated, including one in Weirton, West Virginia. In January 1984, National sold its Weirton facility to the Weirton Steel Corporation. In February 2004, the Plaintiff purchased the Weirton facility from Weirton Steel Corporation.

All of National's applications were denied by OHA on March 1, 1991. For the purposes of the waiver signed by Permian on September 12, 1986, OHA found that National was an affiliate of Permian and was not entitled to a refund. About 13 years later, the Plaintiff asked OHA to reconsider its March 1, 1991 decision denying National Steel's application for a refund based on its operations at the Weirton facility.

In a decision dated June 1, 2005, OHA denied Plaintiff's motion for reconsideration on two grounds: (i) that the motion for reconsideration was untimely and, in any event, (ii) that Plaintiff failed to show on the merits that it was entitled to such a refund. Plaintiff's Complaint challenges both of those

8

findings.

The Defendants assert that this case is a request for judicial review of an agency decision based on an administrative record, and that summary judgment is the appropriate means to resolve it.  This type of review is taken under the authority of Sections 209-211 of the Economic Stabilization Act, as incorporated in the EPAA.  Defendants further assert that any discovery request should be denied since this case involves a review of an agency decision based on an administrative record, which means there is no need to go outside of the administrative record to decide this case.

                              Respectfully submitted

                              _____
                              Philip P. Kalodner
                              208 Righters Mill Rd.
                              Gladwyne PA 19035
                              (610) 649-8749
                              DC Bar 973578
                              Attorney for Plaintiffs

                              _____
                              Paul T. Michael
                              Thomas H. Kemp
                              Stephen C. Skubel
                              U.S. Department of Energy
                              Office of the General Counsel
                              Room 6H-087 (GC 32)
                              1000 Independence Ave S.W.
                              Washington D.C. 20585
                              (202) 586-1303

                              Attorney for Defendants
                              Samuel Bodman and George
November 9, 2005             Breznay ("DOE")