IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
MITTAL STEEL USA ISG INC.,      )
                                )
        Plaintiff,              )
                                )
        v.                      )        Case No. 1:05CV01466 (ESH)
                                )
SAMUEL BODMAN, Secretary        )
of Energy, United States;       )
GEORGE BREZNAY, Director,        )
Office of Hearings and Appeals,  )
U.S. Department of Energy,        )
                                )
        Defendants.             )
_____ )

## FEDERAL DEFENDANTS' OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Federal Defendants Samuel Bodman, Secretary of Energy, and George B. Breznay,

Director, Office of Hearings and Appeals ("OHA"), United States Department of Energy, oppose

Plaintiff Mittal Steel ISG, Inc.'s ("Mittal") motion to compel discovery. The Federal Defendants

respectfully submit that the motion should be denied for the following reasons.

1. The Plaintiff seeks review of an OHA decision denying a motion for reconsideration

that Plaintiff filed on December 30, 2004 of an agency order that was issued on March 1, 1991.

Certified Administrative Record ("R.") 271, 275-77.[1]  The scope of judicial review applicable to

the order was established by Congress in the Emergency Petroleum Allocation Act of 1973

("EPAA"), 15 U.S.C. § 751, 754(a)(1) (1982 ed.), as incorporating the judicial review provisions

_____

[1]The Federal Defendants lodged with the Clerk of the Court, on November 15, 2005, the
Certified Administrative Record of the proceedings before OHA from which the Plaintiff has
taken this appeal.

of the Economic Stabilization Act of 1970 ("ESA"), 12 U.S.C. § 1904 note (1976 ed.).    Section 211 (d)(1) of the ESA provides that OHA's order may not be overturned "unless a final judgment determines that such order is in excess of the agency's authority, or is based upon findings which are not supported by substantial evidence." 12 U.S.C. 1904 note (1976 ed.). International Drilling & Energy Corp. v. Watkins, 920 F. 2d 14, 18 (TECA 1990). Thus, this case involves a review of an agency decision based on an administrative record.

2. Mittal does not argue that the record filed with the court is incomplete, or that materials considered by OHA in reaching its decision have not been included in the record, or that the agency acted in bad faith during the administrative proceedings. Discovery, therefore, is not warranted because judicial review in this type of case is usually based only on the administrative record and the Plaintiff has failed to demonstrate a need to expand that scope to include discovery. International Drilling & Energy Corp., 920 F. 2d at 19.

3. In addition, the information Plaintiff seeks is not relevant. Two of the three categories of documents Plaintiff seeks involve records of agency decisions in other cases involving decisions on motions for reconsideration. Plaintiff's Motion To Compel ("Pl. Mt.") Ex. A, ¶¶ 1-2. As Federal Defendants understand the argument, Plaintiff seeks to show that OHA accepted motions for reconsideration in other cases and that the agency, by not doing so here, "abused its discretion."[2]  First, the judicial review provision applicable here is limited to an inquiry of whether OHA exceeded its authority or whether its decision is based on findings that are supported by substantial evidence. Plaintiff does not explain how an "abuse of discretion"

_____

[2]  The OHA, of course, also analyzed the substance of the Plaintiff's motion for reconsideration and found it to be without merit. R. 393-95.

2

standard of review can be shoehorned or otherwise contorted to fall within the applicable statutory criteria.

Second, any comparison of the decision at issue here with past decisions based on a time differentials, alone, is inadequate on its face. Plaintiff itself recognizes that OHA did not explicitly deny the Plaintiff's motion based on the mere passage of time between the initial decision denying a refund and the date on which the motion to reconsider was filed. Pl. Mt. at 4; R. 393. Indeed, the Plaintiff recognizes that OHA relied on other substantive factors in concluding that the motion for reconsideration was untimely. Id. Thus, in reviewing any other cases that were or were not decided on reconsideration, individual consideration would have to be given to all factors that could have lead the agency to conclude that a motion was or was not timely. If such an undertaking was made, the Court would be straying far afield from reviewing an agency decision based on an administrative record, all the while looking at irrelevant information. Moreover, the Plaintiff's suggestion that OHA implicitly found that the mere passage of time was a basis to deny the reconsideration is not a reason to grant discovery. Pl. Mt. 4. The Court may review the OHA decision based only on what is contained in the administrative record, and not on what Plaintiff believes was "not explicitly stated." **Id.** Thus, information concerning the basis on which the Plaintiff believes the agency implicitly acted is irrelevant if the administrative record does not show, in fact, that such basis was the reason for the decision.

Finally, it is not clear that the third category of information the Plaintiff seeks -- i.e., the amount of money in a Treasury escrow account, see Pl. Mt. Ex. A., is a matter that the Court could consider in its review of the record. Plaintiff apparently argues that this information is

necessary to show, on the merits, why it was entitled to a refund under the various contracts entered into between private parties, some of which apparently are Plaintiff's predecessors in interest. In essence, the Plaintiff is asking that the Court, first, allow Plaintiff an opportunity to obtain information that it did not seek during the administrative process and, second, apparently to open the administrative record so that the Court could consider such information. Stated most simply, that type of information may not be considered by the Court in this case because it is outside of the administrative record.

The Plaintiff's attempt to steer the Court down a path of irrelevancy should be rebuffed and the motion to compel discovery should be denied.

4. Furthermore, before filing the motion to reconsider, the Plaintiff must be charged with knowledge of the relevant criteria that OHA stated were the bases for denying the motion to reconsider because it was not timely. By that we mean the two factors Plaintiff cites in its motion to compel discovery. Pl. Mt. At 3-4 (deadline for filing new applications for refunds; and the need to have been a " 'previously successful claimant' "); R. 393. Those criteria were made public before the Plaintiff's motion for reconsideration was filed. R. 393 (Federal Register notices on April 21, 1995 and May 21, 2004.) Knowing that its motion for reconsideration was long in the tooth to begin with, and that it certainly did not fall within the publically stated eligibility criteria for a crude oil refund, Plaintiff should have requested in its motion for reconsideration that it be given access to information regarding OHA's actions in similar cases already decided as a means of showing that the motion should be accepted for reconsideration. Having not done so before the agency, the Plaintiff's request should be denied in this forum based on the theory of "Laches."

4

5.  In the interest of attempting to resolve or limit the scope of this dispute, lead counsel for the Federal Defendants made a commitment to Plaintiff's counsel to determine if the information sought by Plaintiff's discovery request is readily available and could be provided without placing a burden on the Federal Defendants and without waiving any objections that the Federal Defendants would have to the relevancy or use of such  information in this case. Because of other work commitments, however, the government's counsel has not been able to fully complete the necessary inquiry as of the time of this filing.  Government counsel will attempt to complete the inquiry before the date of the status conference on November 22, 2005.

## CONCLUSION

Based on the foregoing reasons, the Federal Defendants respectfully submit that the Plaintiff's motion to compel discovery should be denied.

Respectfully submitted,


Dated: November 17, 2004                    _____

PAUL T. MICHAEL
THOMAS H. KEMP
STEPHEN C. SKUBEL
United States Department of Energy
Office of the General Counsel
1000 Independence Avenue, S.W.
Washington, D.C.  20585
Telephone: (202) 586-1303

5