# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MITTAL STEEL USA ISG, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 1:05CV01466ESH |
| ) | |
| SAMUEL BODMAN, Secretary of ) | |
| Energy, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF
## FEDERAL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Federal Defendants Samuel Bodman, Secretary of Energy, and George B. Breznay, Director, Office of Hearings and Appeals, United States Department of Energy, in support of their motion for summary judgment filed this date, submit this statement of material facts as to which there is no genuine issue.

1. The Subpart V crude oil overcharge refund proceeding being conducted by the Office of Hearings and Appeals (OHA) of the United States Department of Energy ("DOE") arises from the enforcement of regulations promulgated under the Emergency Petroleum Allocation Act of 1973, and pursuant to the "Stripper Well Settlement Agreement" approved by the U.S. District Court for the District of Kansas, *In re Department of Energy Stripper Well Exemption Litigation*, 653 F. Supp. 108 (D. Kan. 1986).

2. The Stripper Well Settlement Agreement calls for several rounds of refunds to purchasers of petroleum products that bore the burden of unlawful crude oil overcharges during the period of controls from August 1973 through January 1981.  *See Statement of Modified*

*Restitutionary Policy To Be Implemented In Crude Oil Cases*, 51 Fed. Reg. 27899 (August 4, 1986).

3. OHA set out its general procedures for the implementation of this program in a Federal Register notice dated August 20, 1986. *See* 51 Fed. Reg. 29689 (August 20, 1986).

4. OHA provided for several rounds of refunds. *See* 52 Fed. Reg. 11737 (April 10, 1987). The April 1987 Federal Register Notice stated: "It is clear that we are faced with a rolling process in which moneys will flow into and out of the escrow account as settlements are made and refunds determined. OHA will adhere to the Subpart V regulations which govern this process in order to give reasonable notice to the public of proposed refund procedures and to allow for the submission of applications for refund." 52 Fed. Reg. at 11739. In the initial "round" of refunds OHA paid successful claimants at the "volumetric" rate of $.0002 per gallon.

5. On April 11, 1989, OHA increased the cumulative volumetric amount to $.0008 per gallon and issued a round of supplemental crude oil refund checks to successful claimants who had been paid at the lower $.0002 rate. *Crude Oil Supplemental Refund Distribution*, 18 DOE ¶ 85,878 (1989).

6. On March 24, 1995, OHA announced that it would make another supplemental round of payments (at $.0008 per gallon) to prior successful crude oil refund claimants and that refund claims granted after March 3, 1995, would be granted at a new, increased volumetric amount of $.0016 per gallon. 60 Fed. Reg. 15562 (March 24, 1995).

7. On November 12, 2003, OHA published a Federal Register Notice, 68 Fed. Reg. 64098 (November 12, 2003). In this notice, OHA proposed to pay successful refund claimants a final supplemental refund at the rate of $ .00067 per gallon and outlined its proposed procedures

for claimants to verify that the information on file for them was still correct. The Notice solicited comments from all interested parties.

8. After considering all of the comments received pursuant to the November 12, 2003, Federal Register Notice, on May 21, 2004, OHA promulgated a Federal Register notice announcing plans for a final single payment from those funds available to pay crude oil overcharge claimants. OHA contemplated commencing this payment in early 2005 and completing it by December 31, 2005. 69 Fed. Reg. 29300 (May 21, 2004).

9. In the May 21, 2004, Federal Register Notice, OHA decided to make one single distribution of the crude oil funds to eligible claimants that would exhaust the crude oil funds and end the Department's role in supervising these funds.

10. On January 13, 2006, OHA issued a notice in the Federal Register concerning its earlier announced plan to make a final, single distribution of the crude oil escrow funds for the purpose of completing this portion of the larger regulatory program, which had been eliminated in January 1981. 71 Fed. Reg. 2195 (January 13, 2006).

11. In the January 13, 2006 Federal Register notice, OHA concluded that pending litigation will prevent from making a single, last round of payments that would have allowed the agency to "exhaust the remaining crude oil monies." 71 Fed. Reg. 2195 (January 13, 2006). OHA will distribute approximately 90% of the fund due to each eligible claimant, keeping the remainder to resolve the pending issues in litigation. *Id.*

12. National Steel Corp. ("National Steel") operated a plant in Weirton, West Virginia during the period of August 1973 to January 1981. R. 392, 394.

13. During the period of August 1973 to January 1981, National Steel purchased 609,873,817 gallons of No. 6 residual fuel oil for its Weirton plant.  R. 392.

14. On June 2, 1989, National Steel filed a crude oil refund application with OHA seeking a refund for its petroleum purchases during the period August 1973 to January 1981 for the Weirton plant.  R. 392.

15. On March 1, 1991, OHA issued a Decision and Order covering, among other things, the crude oil refund application that National Steel had filed with OHA on June 2, 1989.  R. 271-74; R. 392.

16. In its March 1, 1991 Decision and Order, OHA denied National Steel's application for a crude oil refund.  R. 274; R. 392.

17. OHA denied the National Steel's June 2, 1989 application because Permian Corporation, a company affiliated with National Steel's parent corporation, had obtained a refund under the terms of the Stripper Well Settlement Agreement, one term of which waived the right of any affiliate of Permian Corporation, such as Plaintiff, to obtain a refund from the crude oil refund program administered by OHA.  R. 273-74.

18. In January 1984, National Steel, under the terms of an Assignment and Assumption Agreement ("Agreement"), sold the assets at its Weirton, West Virginia plant to the Weirton Steel Corporation ("Weirton Steel").  R. 311-82, 383-91.

19. Section 3.1 of the Agreement provides, in pertinent part, as follows:

> **Refunds, Rebates, etc.**
>
> The Seller [National Steel] will retain for its own account any payments received from Columbia Gas, Conrail or any other Person representing overcharges or refunds prior to the Purchase

Date [January 11, 1984].

R. 319. The word "Person" is defined by the Agreement to include "a government or any agency or political subdivision thereof." R. 373.

    20. Section 7.2 of the Agreement provides, in pertinent part, as follows:

> **Proceedings Based on Facts Prior to the Purchase Date**
>
> Except as provided otherwise in this Article, the Seller [National Steel] will take full responsibility for, conduct at its own expense, discharge any liability relating to, and retain any recovery from, all Proceedings which are not Pending Proceedings, to the extent such Proceedings involve claims based on facts occurring or existing prior to the Purchase Date [January 11, 1984].

R. 328. The Agreement defines "Pending Proceedings" to mean those "Proceedings listed on Schedule D" to the Agreement. R. 372. The "Pending Proceedings" listed in Schedule D to the Agreement does not list or otherwise identify, either generally or specifically, OHA's crude oil proceedings; nor does it list or otherwise identify any case before OHA involving National Steel as an applicant. R. 383-93. Nor does Schedule D list any general or specific claim based on overcharges incurred during the period or August 1973 to January 1981. *Id.*

    21. Weirton Steel never filed an application with OHA for a crude oil refund based on petroleum products purchased by National Steel for the Weirton plant during the period August 1973 to January 1981.

Respectfully submitted,

_____
PAUL T. MICHAEL
STEPHEN C. SKUBEL
United States Department of Energy
Office of the General Counsel
Rm. 6H-087 (GC-32)
1000 Independence Ave., S.W.
Washington, D.C. 20585
Telephone: (202) 586-1303

**Attorneys for the Federal Defendants**